IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RASHAD EMON CLARK,**

    Petitioner

v.                                                                        Civil No. **3:20CV356**

**J. ANDREWS, WARDEN,**

    Respondent.

### MEMORANDUM OPINION

Rashad Emon Clark, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). Respondent has moved for summary judgment on, *inter alia*, the ground that Petitioner has failed to exhaust his administrative remedies.[1] Despite the provision of a *Roseboro*[2] notice, Clark has not responded. For the reasons that follow, the Motion for Summary Judgment (ECF No. 7) will be GRANTED and the § 2241 Petition (ECF No. 1) will be DENIED.

### I.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers

---

[1] The Government filed a Motion to Dismiss the Petition for Writ of Habeas Corpus or, in the Alternative, for Summary Judgment. (ECF Nos. 6, 7.) The Motion to Dismiss will be denied as moot.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Kelly Forbes, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina (ECF No. 8-1, at 1–5);[3] and, (2) records of Clark's administrative remedy requests (*id.* at 6).

---

[3] The Court omits any secondary citations from the Declaration of Kelly Forbes.

2

Clark did not respond, so he has failed to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Nevertheless, Clark signed his § 2241 Petition under penalty of perjury. (ECF No. 1, at 9.)

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Clark.

## II. PROCEDURAL HISTORY AND ALLEGATIONS

On October 17, 2012, Clark pled guilty to one count of sex trafficking of a minor, one count of conspiracy to commit sex trafficking of a minor, and two counts of coercing and enticing minors to engage in illicit sexual conduct in the Southern District of Florida ("Sentencing Court"). Plea Agreement ¶ 1, *United States v. Clark*, No. 9:12–CR–80036–DMM–1 (S.D.F. Oct. 17, 2012.) On March 15, 2013, the Sentencing Court sentenced Clark to 136 months on each count to be served concurrently. Judgment 2, *United States v. Clark*, No. 9:12–CR–80036–DMM–1 (S.D.F. Mar. 15, 2013.) Clark filed no appeal.

Clark is serving this sentence and is projected for release on January 7, 2022. (ECF No. 8, at 2.) Clark appears to argue that he is entitled to relief because he lost 93 days of good conduct credit after a disciplinary hearing where he "asked for video and audio evidence and was denied" and "statements were never made by the Defendant." (ECF No. 1, at 6–7.)[4] Clark fails to provide any further details from which the Court could identify when this hearing took place.

---

[4] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Clark's § 2241 Petition.

3

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules" "'so that the agency addresses the issues on the merits.'" *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

## IV. THE BOP'S ADMINISTRATIVE REMEDY PROGRAM

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See* 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. *See* 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional

4

Director's response, he or she "may submit an Appeal on the appropriate form (BP-11) [for Central Office Appeals] to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "When the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*[5]

## V. CLARK'S LACK OF EXHAUSTION

Since his conviction in 2014, Clark has had four disciplinary hearings for different institutional charges on March 25, 2014, July 1, 2015, February 21, 2018, and September 14, 2018. (ECF No. 8-1, 7–11.) In his § 2241 Petition, Clark fails to indicate which hearing he challenges, but states that he appealed the unidentified disciplinary decision until "there was no higher level to appeal to." (ECF No. 1, at 3.) Clark filed 10 complaints and appeals, nine of which challenged four separate Discipline Hearing Officer ("DHO") hearings that occurred at various times between 2014 and 2018, and one requested a marriage application. (ECF No. 8-1, at 2.) However, as discussed below, Clark failed to exhaust his administrative remedies in each instance.

On May 5, 2014, Clark filed an appeal of a DHO decision dated March 25, 2014. (*Id.*) The Regional Director denied the appeal on May 21, 2014. (*Id.*) On February 3, 2020, nearly six years after the DHO's decision, Clark filed a second appeal of the May 25, 2014 DHO decision. (*Id.*) The appeal was denied by the Regional Office because Clark failed to appeal the Regional Director's prior denial of his appeal within the thirty days required by BOP regulations. (*Id.*) On February 26, 2020, Clark appealed this rejection to the BOP Central Office. (*Id.*) The BOP Central Office rejected the appeal as untimely. (*Id.* at 3.)

---

[5] Although the final appeal is to the General Counsel, the regulation and Respondent also refer to these appeals as appeals to the BOP "Central Office." *See* 28 C.F.R. § 542.15(b). Accordingly, the Court refers to the final level of appeal as an appeal to the BOP Central Office.

5

On February 3, 2020, Clark submitted three separate appeals pertaining to past DHO hearings. First, Clark filed an appeal of a DHO hearing that occurred on July 1, 2015. (*Id.*) The Regional Director rejected the appeal as untimely because the appeal was nearly five years late. (*Id.*) On February 26, 2020, Clark appealed; however, the BOP Central Office also rejected the appeal as untimely. The BOP Central Office "instructed Mr. Clark that if he could provide a memo from BOP staff indicating that his late filing was not his fault he could refile." (*Id.*) Clark did not submit such a memo or refile. (*Id.*)

Clark also filed an appeal challenging a DHO hearing that occurred on February 21, 2018. (*Id.*) The Regional Office rejected the appeal as untimely. (*Id.*) On February 26, 2020, Clark appealed; but once again, the BOP Central Office rejected the appeal as untimely for being nearly two years late. The BOP Central Office "instructed Mr. Clark that if he could provide a memo from BOP staff indicating that his late filing was not his fault he could refile." (*Id.*) Clark did not submit such a memo or refile. (*Id.* at 3–4.)

Finally, Clark filed yet another appeal challenging a DHO hearing that occurred on September 24, 2018. (*Id.* at 4.) The Regional Office rejected the appeal as untimely for being more than a year late. (*Id.*) On February 26, 2020, Clark appealed; the BOP Central Office again rejected the appeal as untimely. The BOP Central Office "instructed Mr. Clark that if he could provide a memo from BOP staff indicating that his late filing was not his fault he could refile." (*Id.*) Clark did not submit such a memo or refile. (*Id.*)

Because his appeals were rejected as untimely, Clark failed to "compl[y] with [the BOP's] deadlines and other critical procedural rules," "so that the [BOP could] address[] the issues on the merits." *Woodford*, 548 U.S. at 90 (quoting *Pozo*, 286 F.3d at 1024). Thus, Clark failed to exhaust properly his administrative remedies with respect to his challenges to any of the four DHO

hearings. (*Id.*) Clark did not offer any argument that would excuse his lack of exhaustion.[6] Accordingly, his § 2241 Petition will be denied.

## VI. CONCLUSION

Accordingly, the Motion for Summary (ECF No. 7) will be GRANTED. The § 2241 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 4 June 2021
Richmond, Virginia

---

[6] As Respondent correctly asserts, Clark's claims, even if exhausted, are also too vague and conclusory to state a claim for habeas relief. Clark fails to even identify which of the four DHO hearings he intends to challenge. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas petition appropriate where it "stated only bald legal conclusions with no supporting factual allegations"); *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) ("[a]iry generalities [and] conclusory assertions [do] not suffice to stave off summary judgment" (alteration in original) (internal quotation marks omitted) (citation omitted)).

7